IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Richard Hunt, ) | C/A No. 0:09-1444-TLW-PJG |
| Petitioner, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Leroy Cartledge, ) | |
| Respondent. ) | |

The petitioner, William Richard Hunt ("Hunt"), who is represented by Tara D. Shurling, Esquire, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (Docket Entry 15.) Having carefully considered the parties' submissions and the record in this case, the court finds that the respondent's motion for summary judgment should be granted.

## BACKGROUND

Hunt was indicted in February 2002 in McCormick County for possession of a weapon during the commission of a violent crime (2002-GS-35-39) and trafficking marijuana (2002-GS-35-40). (App. Vol. I at 335, 337-38, Docket Entry 16-2 at 137, 139-40.) Hunt was represented by Charles F. S. Lyons, Esquire, and on September 23, 25, and 26, 2002, was tried by a jury and found guilty as charged. (App. Vol. I at 310, Docket Entry 16-2 at 112.) Because Hunt had two prior convictions for trafficking marijuana, the circuit court sentenced Hunt pursuant to S.C. Code Ann. § 44-53-370 to twenty-five years' imprisonment for trafficking marijuana and five years' imprisonment for possession of a weapon during the commission of a violent crime, both sentences to run concurrently. (App. Vol. I at 319, Docket Entry 16-2 at 121.) Hunt did not properly file a

direct appeal; however, he was granted a belated direct appeal pursuant to White v. State, 208 S.E.2d 35 (S.C. 1974),[1] as a result of his application for post-conviction relief ("PCR"). Hunt's conviction was affirmed, and his other PCR grounds were rejected by the courts of South Carolina.

## FEDERAL HABEAS ISSUES

Having exhausted his state remedies, Hunt asserts the following issues in the instant petition for a writ of habeas corpus:

> **Ground One:** The Petitioner was denied the right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, when trial counsel failed to properly prepare a Fourth Amendment challenge to the search warrant obtained by the police in this case.
> > **Supporting Facts:** DEA Agent Michael Marbert obtained a federal search warrant for the Petitioner's home. The prosecution of the Petitioner was later taken over by State authorities. In his affidavit to obtain the search warrant, Agent Marbert made several knowing and material representations about his investigation of the Petitioner, including, but not limited to: (1) that he had spoken to the Petitioner's neighbors when he had not; (2) that the confidential informant had been purchasing marijuana from the petitioner at his home for years when the Petitioner had lived there for less than two years; (3) that the Petitioner had represented that he was unemployed and living off life insurance from the death of one of his children when Agent Marbert had not spoken to the neighbor and that information was patently incorrect. Evidence to dispute these statements in the affidavit was readily available to trial counsel, but he failed to present that evidence at the Petitioner's trial, rendering ineffective assistance of counsel.
>
> **Ground Two:** The Petitioner was denied the right to the effective assistance of counsel by counsel's failure to present impeachment evidence.
> > **Supporting Facts:** At trial, the State admitted evidence that the Petitioner had $51,000.00 in cash at his home but he did not work and had not gotten near that amount of money from the life insurance policy following his daughter's death. Furthermore, the State admitted evidence that the Petitioner made monthly payments of $2,500.00 on his $240,000.00 home. The State used this evidence to argue the Petitioner had significant income from selling marijuana. Defense counsel did not introduce readily available evidence to impeach the State's witnesses on that issue.

---

[1] In White, the South Carolina Supreme Court held that where a PCR judge determines that an applicant did not freely and voluntarily waive his direct appellate rights, the applicant may petition the South Carolina Supreme Court for review of direct appeal issues.

**Ground Three:** The Petitioner's right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, was violated when defense counsel failed to introduce readily available evidence to dispute the State's central arguments of guilt.
> **Supporting Facts:** At trial, the State admitted evidence that the Petitioner had $51,000.00 in cash at his home but he did not work and had not gotten near that amount of money from his daughter's life insurance policy. Furthermore, the State admitted evidence that the Petitioner made monthly payments of $2,500.00 on his $240,000.00 home. The State used this evidence to argue that Petitioner had significant income from selling marijuana. Defense counsel did not introduce or otherwise present readily available evidence to dispute all of these claims.

**Ground Four:** The Petitioner's right to the due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, was violated when the trial court refused to grant a directed verdict motion on the gun charge.
> **Supporting Facts:** The Petitioner lived in a two-story house with a basement. During the search of the second floor of the Petitioner's home, a gun was found in his bedside table and an additional rifle was found in a hall closet. The marijuana was found in the basement level of the Petitioner's home. In his directed verdict motion, the Petitioner argued that he could not have possessed the gun during the commission of the alleged violent crime: the marijuana trafficking charge. The lower court improperly denied that motion.

(See Pet., Docket Entry 1 at 6-11.)

## DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

**B.     Habeas Corpus Standard of Review**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

*PJG*

C.  **Grounds One through Three**

1.  **Ineffective Assistance of Counsel Generally**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams, 529 U.S. at 391 (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The courts of South Carolina determined that Hunt's claims alleging that trial counsel was ineffective were without merit. Therefore, to prevail, Hunt must demonstrate that the state courts unreasonably misapplied clearly established federal law as decided by the Supreme Court of the

United States or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).

   **2.   Ground One**

Hunt first alleges that his trial counsel was ineffective in failing "to properly prepare a Fourth Amendment challenge to the search warrant obtained by the police in this case." Hunt's arguments focus on the veracity of the agent's affidavit in support of the search warrant.

The affidavit supporting a search warrant is presumed to be valid. Franks v. Delaware, 438 U.S. 154, 171 (1978). To overcome this presumption, Franks provides a two-part test for challenging the affidavit's veracity to determine whether alleged misstatements in an affidavit render a search warrant invalid: (1) an affiant knowingly, intentionally, or with a reckless disregard for the truth, provided a false statement; and (2) this false information was necessary to establish probable cause. Simmons v. Poe, 47 F.3d 1370, 1383 (4th Cir. 1995).

Hunt argues that although trial counsel moved to suppress the evidence obtained from the search warrant, he failed to provide any evidence or testimony to support this motion. Hunt asserts that the federal search warrant issued November 20, 2001 was obtained based on an affidavit of Drug Enforcement Administration Agent Michael Marbert, which contained knowingly false information. Hunt summarizes the information contained in the affidavit as follows:

> 1. That a confidential informant had approached Agent Marbert and told him that he had been purchasing drugs from the Petitioner on a monthly basis over the course of several years at the Petitioner's home; see PCR App. p. 53, lines 17-22;
> 2. That Agent Marbert had personally interviewed the Petitioner's neighbors and found out that the Petitioner told them that he was unemployed and living off insurance money from the death of one of his children; see PCR App. p. 62, lines 4-18; and
> 3. That two controlled buys had taken place at the Petitioner's residence where the Petitioner distributed marijuana to the confidential informant; see PCR App. p. 54, line 13-p. 61, line 18.

(Petr.'s Mem. Opp'n Mot. Summ. J. at 5, Docket Entry 22 at 5); (see also App. Vol. I at 53–67, Docket Entry 16-1 at 55-69.) Hunt argues that during the PCR hearing he presented evidence (1) that Hunt's neighbors had not spoken with investigators, (2) that Hunt and his wife had adequate income to support their lifestyle from their jobs and approximately $53,000 in insurance settlements from the death of Hunt's daughter, and (3) that Hunt did not purchase the home until January 19, 2000, so the confidential source could not have purchased marijuana from him at that residence for several years. (Petr.'s Mem. Opp'n Mot. Summ. J. at 5, Docket Entry 22 at 6.) Further, Hunt relies on trial counsel's statement at the PCR hearing that counsel could have discovered this evidence prior to trial but did not. Hunt contends that trial counsel erred in failing to investigate the contents of the affidavit. Hunt argues that he was prejudiced by this inaction because if these alleged false statements were removed from the affidavit, there was insufficient information in the affidavit to establish probable cause.

> The PCR court in considering this claim found the following:
>
> The transcript of the trial indicates that the trial attorney did question the DEA agent about the veracity of his representations. Even if trial counsel was deficient, however, it is clear from the trial transcript that the controlled buys alone would have been sufficient to obtain a search warrant of this residence. The applicant has failed to establish that a successful attack on the credibility of the DEA agent on the "collateral" matters or the inexperience of the informant would have been likely to change the outcome of the motion to suppress or the evaluation of the evidence by the jury.

(App. Vol. I at 472-73, Docket Entry 16-3 at 82-83.) With regard to the controlled buys, the PCR court noted that these buys were set up by recorded phone calls, that the confidential source wore a recording device, and that although the officers could not witness the actual transaction, they were near the scene. (App. Vol. I. at 470, 473, Docket Entry 16-3 at 80, 83.)

As stated above, the state court's factual findings are entitled to a presumption of correctness, and a petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C.

§ 2254(e)(1). Hunt has not demonstrated that the PCR court's findings are incorrect; moreover, a review of the record supports the state court's findings. (Mot. to Suppress Hr'g, App. Vol. I at 48-84, [Docket Entry 16-1](#) at 50-86.) Further, Hunt cannot show that the courts of South Carolina unreasonably misapplied clearly established federal law in rejecting Hunt's claim that trial counsel was ineffective. See Williams, 529 U.S. at 410. Upon reviewing the trial transcript, even assuming that all of Hunt's assertions of inaccuracies in the affidavit are correct and those statements are stricken from the affidavit, the court finds that the PCR court did not unreasonably misapply clearly established federal law in concluding that probable cause nonetheless existed for the search warrant. Cf. United States v. Clyburn, 24 F.3d 613, 617-18 (4th Cir. 1994) (holding that monitored, controlled buys by an informant with initially questionable reliability provided probable cause sufficient for issuance of a search warrant). Therefore, Hunt cannot demonstrate that he was prejudiced by his trial counsel's failure to investigate the contents of the affidavit and present these alleged discrepancies during the hearing on the motion to suppress. Accordingly, Hunt cannot meet the standard enunciated under Strickland, 466 U.S. at 687, and is not entitled to habeas relief on this ground.

### 3. Grounds Two and Three

In Grounds Two and Three, Hunt alleges that trial counsel was ineffective in failing to present impeachment evidence and in failing to introduce readily available evidence to dispute the State's central arguments of guilt. In support of these grounds, Hunt relies on the same supporting facts and therefore the court addresses these arguments together.

At Hunt's trial, Agent Marbert testified (1) that Hunt received approximately $16,000 in insurance settlements from his daughter's death, (2) that Hunt made a down payment towards the purchase of his home in the amount of $40,000 with a monthly payment of approximately $2,500, and (3) that Hunt's home was worth $240,000. At the PCR hearing, Hunt presented evidence that

he earned money selling used cars, his wife worked two jobs teaching, and their tax returns reflect that together their adjusted gross income was over $60,000. He also introduced evidence that he received approximately $53,000 in insurance settlements from his daughter's death.

The PCR court in considering these claims found the following:

> As to the means of support, the evidence is simply not that strong in favor of [Hunt's] present assertions. He basically dabbled in the sale of used cars. Conceding that his wife, with whom he resided, has an income from at least two jobs, that he made a respectable amount from the sale of cars, and that the State understated the net proceeds from the wrongful death settlement, the differences in amount are simply not sufficient to establish a likelihood that the result of the trial would be different.

(App. Vol. I at 474, Docket Entry 16-3 at 84.) The PCR court pointed out that when the house was searched, over fifteen pounds of marijuana was discovered.[2] Finally, the PCR court concluded that "[v]iewing the case in totality, the evidence that relates directly to the issues before the court and jury were so overwhelming that it is just not believable that tangential matters about the neighbors or the size of the wrongful death settlement or [Hunt's] employment status or the wife's income or the exact value of the house or length of ownership would have changed the decisions made in this case." (Id. at 476, Docket Entry 16-3 at 86.)

Hunt argues that if the above discussed additional evidence had been presented at trial, it would have impeached the State's primary witness, Agent Marbert, and cast doubt on his testimony. Further, Hunt alleges that it would explain how Hunt afforded his lifestyle and why he had over $53,000 in cash in his home at the time of the search. Finally, Hunt contends that if this additional evidence had been presented, "there is a reasonable likelihood that the jury would have rejected the

---

[2] The PCR court also observed that two drug deals were conducted in analyzing whether Hunt was prejudiced; however, as conceded by the respondent, this information was not presented to the jury at trial.

prosecution's argument that [Hunt] was a large-scale drug dealer" and found that Hunt was an honest businessman who did not know that there were drugs in his basement.

As stated above, the state court's findings are entitled to a presumption of correctness, and a petitioner must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Hunt has not demonstrated that these findings are incorrect. Moreover, Hunt cannot demonstrate that he was prejudiced by trial counsel's alleged failure to present the above discussed evidence in light of the overwhelming evidence of Hunt's guilt. The trial transcript reveals that the prosecution presented abundant evidence supporting Hunt's guilt, including but not limited to the following: the presence of fifteen pounds of marijuana in Hunt's house; Hunt's statement to the police that "[a]nything you find in this residence is mine;" the fact that police recovered from the house a drug scale, Ziploc bags, rolling papers, two guns, $53,500 in cash, and duffle bags containing marijuana or marijuana residue; the fact that the trunk of one of Hunt's vehicles contained hundreds of mint Lifesavers candy; and testimony that there was a small, empty freezer with marijuana residue in Hunt's basement and that these freezers are typically used to keep marijuana fresh. Accordingly, Hunt cannot meet the standard enunciated under Strickland, 466 U.S. at 687, and he cannot show that the courts of South Carolina unreasonably misapplied clearly established federal law in rejecting Hunt's claim that trial counsel was ineffective. See Williams, 529 U.S. at 410. Therefore, Hunt is not entitled to habeas relief on this ground.

**D.      Ground Four**

In Ground Four, Hunt alleges that the trial court denied his right to the due process of law by failing to grant his directed verdict motion on the gun charge. Hunt asserts that he could not have possessed the gun during the commission of the violent crime of marijuana trafficking. He relies upon the fact that the two firearms were found in a hall closet and in his bedside table on the second

floor of his home, but the evidence of the drug activity was found only in the basement level of Hunt's home. At the close of the State's case, Hunt moved for a directed verdict, arguing that insufficient evidence had been presented to support the gun charge. (App. Vol. I at 212-13, Docket Entry 16-2 at 14-15.) The State responded by arguing that the gun in Hunt's bedside table was found in close proximity to Hunt and that he could exercise custody and control over the firearm. The State also pointed out that Hunt stated, "Anything you find in the house is mine." (App. Vol. I at 213-14, Docket Entry 16-2 at 15-16.) The court denied this motion initially and again when Hunt renewed it before the court submitted the case to the jury. (App. Vol. I at 214, 234-35, Docket Entry 16-2 at 16, 36-37.) The trial court, in denying the second motion, stated that it "agree[d] that the evidence [was] pretty thin," but it believed that "there is enough to get it to the jury." (App. Vol. I at 235, Docket Entry 16-2 at 37.) Upon reviewing this determination in Hunt's belated direct appeal, the South Carolina Court of Appeals summarily rejected this claim.

When reviewing the sufficiency of the evidence to support a conviction, the critical inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original); see also McDaniel v. Brown, 130 S. Ct. 665, 673 (2010) (*per curiam*) ("Jackson requires a reviewing court to review the evidence 'in the light most favorable to the prosecution.' ") (quoting Jackson, 443 U.S. at 319). Where there are conflicting inferences, the reviewing court must presume " 'that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.' " McDaniel, 130 S. Ct. at 673 (quoting Jackson, 443 U.S. at 326). In evaluating a Jackson sufficiency of the evidence claim in a federal habeas petition, the relevant inquiry is "whether a state court determination that the evidence was sufficient to support a conviction was an objectively unreasonable application of [the

standard enunciated in] Jackson." Williams v. Ozmint, 494 F.3d 478, 489 (4th Cir. 2007) (internal quotations and citations omitted) (alterations in original); see also McDaniel, 130 S. Ct. at 673-74 (evaluating a Jackson claim in accordance with the standard of review set forth in § 2254(d)(1)).

Hunt argues that based on the lack of physical proximity between the firearms and the drugs, he could not have possessed them during the commission of the trafficking offense. Viewing the evidence in the light most favorable to the prosecution and resolving any conflicting inferences in favor of the prosecution, the court concludes that Hunt cannot demonstrate that there was insufficient evidence at trial from which any rational trier of fact could have found that Hunt was guilty of the gun charge beyond a reasonable doubt. See Jackson, 443 U.S. at 319; see also McDaniel, 130 S. Ct. at 673-74; S.C. Code Ann. § 16-23-490(A) ("If a person is in possession of a firearm or visibly displays what appears to be a firearm . . . and is convicted of committing or attempting to commit a violent crime as defined in Section 16-1-60, he must be imprisoned five years, in addition to the punishment provided for the principal crime."). Therefore, Hunt cannot demonstrate that the state appellate court's determination that the trial court did not err in denying Hunt's motions for a directed verdict was an "objectively unreasonable application of [the standard enunciated in] Jackson." Williams, 494 F.3d at 489. Accordingly, Hunt is not entitled to habeas relief on this ground.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 15) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).